**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

Filed
Washington State
Court of Appeals
Division Two

October 25, 2022

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | No. 54259-5-II |
| Respondent, | | |
| v. | | |
| GABRIEL INDELICIO NEVAREZ, | | PUBLISHED OPINION |
| Appellant. | | |

CRUSER, A.C.J. – Gabriel Indelicio Nevarez appeals his sentence following his guilty plea to first degree murder with a firearm enhancement. The conviction arose from an incident in which Nevarez shot and killed a bystander while shooting at someone else. Nevarez was 18 years old at the time of the offense. The trial court imposed a sentence that was 36 months above the joint recommendation of the parties but was within the standard range.

Nevarez filed a CrR 7.8(b) motion seeking to withdraw his guilty plea based on ineffective assistance of counsel[1] or, in the alternative, to obtain resentencing because the sentencing court failed to consider the mitigating qualities of youth. After conducting a hearing, the trial court denied Nevarez's motion to withdraw his guilty plea. Nevarez appeals, arguing that resentencing is necessary because under *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), and *State v. O'Dell*, 183 Wn.2d 680, 358 P.3d 359 (2015), the trial court erroneously failed to consider

---

[1] Nevarez withdrew this claim during the pendency of this appeal.

No. 54259-5-II

the mitigating qualities of youth when presented with a sentence jointly recommended by the parties.

We hold that the trial court did not err in denying Nevarez's CrR 7.8 motion to withdraw his guilty plea because Nevarez was 18 years old at the time of the murder, and the trial court, therefore, was permitted but not required to consider the mitigating qualities of Nevarez's youth when sentencing him. Accordingly, we affirm.

FACTS

I. BACKGROUND

Nevarez held a grudge against Juan Carlos Ruiz and had previously threatened to harm him. On February 21, 2007, Nevarez drove by Ruiz, who was standing next to Kyle Grinnell, and fired multiple shots in Ruiz and Grinnell's direction. One of the shots hit and killed Grinnell. Nevarez was 18 years old at the time of the shooting.

The State charged Nevarez with first degree murder with a firearm enhancement, first degree assault with a firearm enhancement, and second degree unlawful possession of a firearm. However, Nevarez fled to Mexico shortly after the shooting and did not return until extradited to Washington in August 2016.

Nevarez entered a plea of guilty to first degree murder with a firearm enhancement in May 2018. As part of the plea agreement, the State filed an amended information dismissing the first degree assault and second degree unlawful possession of a firearm charges. Nevarez and the State agreed to a sentencing recommendation of 271 months of confinement, which was the low end of the standard range, plus a 60-month firearm enhancement. Defense counsel, the State, and the trial

2

No. 54259-5-II

court explained to Nevarez that the court was not required to accept the joint recommendation and that it could sentence him to any term within the standard sentencing range of 271 to 361 months.

## II. SENTENCING

The parties asked the trial court to adopt the joint recommendation of 271 months plus 60 months for the firearm enhancement. Defense counsel did not ask the court to impose an exceptional sentence below the standard range and did not ask the court to consider his youth at the time he committed the offense.

At sentencing, immediately following a statement from Nevarez, the trial court asked how old Nevarez was at the time of the shooting, and the parties confirmed that he was 18.

The trial court then gave its reasoning and stated:

> Having reviewed all of these letters and the criminal history of Mr. Nevarez, I am not going to adopt the joint recommendation of the parties, which is my normal course. But I am going to add to the 271 low-end recommendation an additional 36 months, plus the 60 months of firearm sentencing enhancement, 36 months of community custody.

Verbatim Report of Proceedings (VRP) (June 29, 2018) at 38.

## III. MOTIONS TO WITHDRAW GUILTY PLEA

Nevarez filed several pro se motions to withdraw his guilty plea. One of these motions, filed in May 2019 under CrR 7.8, sought to withdraw Nevarez's plea on the basis that he was denied effective assistance of counsel or, alternatively, requested resentencing because the trial court did not consider the mitigating qualities of youth when it imposed his sentence. The trial court ordered a merits hearing on Nevarez's motion. Regarding the issue of Nevarez's age as a mitigating factor, the court stated that it confirmed Nevarez's age at sentencing and continued:

3

No. 54259-5-II

> So the Court had no legal obligation under the case law in the State of Washington to go through any type of *Houston-Sconiers* analysis. At the time of the offense he was three months shy of his 19th birthday, and we confirmed the age at the time.
>
> With regard to the -- any obligation of [defense counsel], I suppose she could have argued for the low end, used it to argue for the low end. Although, what I heard from the testimony today was that really wasn't the basis for the parties reaching the agreement that they reached . . .
>
> So I'm not sure that that would have made -- well, I can tell you it wouldn't have made any difference in my opinion, but I don't think she had a duty or an obligation to argue age at the time of the offense as a factor in requesting the low end.

VRP (Nov. 18, 2019) 70.

The court denied Nevarez's motion to withdraw his guilty plea and entered extensive findings of fact and conclusions of law. The court made a finding that it inquired of Nevarez's age at the time of the shooting before accepting his guilty plea, and stated that "the court understood the defendant was three months shy of his 19th birthday and the defendant's [sic] knowledge of the defendant's youth was factored into the court's ultimate sentence it imposed on him." Clerk's Papers at 126.

Nevarez appeals the court's order denying his motion to withdraw his guilty plea and the associated findings of fact and conclusions of law.[2]

## DISCUSSION

Nevarez argues that we should remand for resentencing because the trial court failed to fully consider the mitigating qualities of his youth based on the fact that he was 18 years old at the time he committed the offense. Specifically, Nevarez argues that the trial court "erroneously

---

[2] We issued an opinion in this case on November 16, 2021, which we withdrew on reconsideration.

No. 54259-5-II

believed it had no obligation to conduct such [an] analysis before sentencing" him. Br. of Appellant at 35. We disagree.

YOUTH AS A MITIGATING FACTOR

In general, a defendant cannot appeal a sentence that is within the standard range. RCW 9.94A.585(1); *State v. Osman*, 157 Wn.2d 474, 481, 139 P.3d 334 (2006). "However, a defendant may appeal the process by which a trial court imposes a sentence." *In re Pers. Restraint of Marshall*, 10 Wn. App. 2d 626, 635, 455 P.3d 1163 (2019) (emphasis omitted). This allows the defendant to challenge the trial court's refusal to exercise its discretion or the legal conclusions underlying the trial court's decision. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

Nevarez challenges the trial court's process in imposing a sentence that was within the standard range but above the joint recommendation. *See Marshall*, 10 Wn. App. 2d at 635-36. He relies in part on the directive in *Houston-Sconiers* that trial courts *must* consider the mitigating qualities of youth when sentencing a juvenile defendant. 188 Wn.2d at 21. When sentencing an adult defendant, however, trial courts are merely "*allowed* to consider youth as a mitigating factor." *O'Dell*, 183 Wn.2d at 696 (emphasis added). *O'Dell* does not compel a trial court, to do so, however. Therefore, Nevarez's assertion that *O'Dell* and *Houston-Sconiers* required the trial court to consider the mitigating qualities of youth at his sentencing is without merit.

Notably, in *In re Personal Restraint of Monschke*, 197 Wn.2d 305, 306, 482 P.3d 276 (2021) (plurality opinion), defendants who were 19 and 20 years old were convicted of aggravated first degree murder and given mandatory sentences of life without the possibility of parole (LWOP) under RCW 10.95.030. The lead opinion by our supreme court concluded that the aggravated murder statute was unconstitutional as applied to defendants between the ages of 18

No. 54259-5-II

and 20 years old because it required a LWOP sentence for all defendants with no discretion for the trial court to consider individual characteristics at sentencing. *Monschke*, 197 Wn.2d at 326. The court reasoned "that no meaningful neurological bright line exists between age 17 and age 18." *Id.* A more recent supreme court decision explained the fractured nature of the *Monschke* opinion and cabined its holding ("if *Monschke*'s lead opinion could be read as announcing a holding of this court") to 18 to 20-year-old perpetrators convicted of aggravated first degree murder and sentenced to a mandatory LWOP under RCW 10.95.030. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24, 513 P.3d 769 (2022). Because Nevarez did not receive a mandatory LWOP sentence, the court's conclusion in *Monschke* is inapplicable here. *Id.* at 23-24.[3]

Nevarez did not request an exceptional sentence below the standard range based on his youth. Rather, he and the State submitted a joint recommendation. The court was not *required*, on its own, to consider the mitigating qualities of youth because Nevarez was 18 years old at the time of the murder. *See O'Dell*, 183 Wn.2d at 696 (trial court "allowed to consider youth as a mitigating factor" for defendants 18 and older). Therefore, we reject Nevarez's challenge to the trial court's order denying his CrR 7.8 motion.

---

[3] We note that we stayed Nevarez's appeal pending the supreme court's decision in *In re Personal Restraint of Davis*, __ Wn.2d __, 514 P.3d 653 (2022). In that case, however, Davis was 21 at the time of the offenses. *Davis*, 514 P.3d at 658. Accordingly, *Monschke* was not material to Davis' sentence both because Davis was not between the ages of 18 to 20 and because he was not faced with a mandatory LWOP sentence, but was sentenced under a statute that afforded discretion to the trial court to impose an exceptional sentence downward. *Id.* at 657-58.

No. 54259-5-II

## CONCLUSION

We affirm the trial court's order denying Nevarez's request for resentencing under CrR 7.8.

_____
CRUSER, A.C.J.

I concur:

_____
LEE, J.

No. 54259-5-II

MAXA, J. (dissenting) – I believe that *State v. Houston-Sconiers*, 188 Wn.2d 1, 391 P.3d 409 (2017), which requires trial courts to consider the mitigating qualities of youth when sentencing juveniles, applies to Nevarez as an 18-year-old. Therefore, I dissent.

In *Houston-Sconiers*, the Supreme Court held that the Eighth Amendment to the United States Constitution requires the trial court to consider a juvenile defendant's youth in sentencing, even for statutorily mandated sentences. 188 Wn.2d at 18-20. The court stated, "Trial courts *must consider mitigating qualities of youth at sentencing* and must have discretion to impose any sentence below the otherwise applicable SRA range and/or sentence enhancements." *Id.* at 21 (emphasis added). *Houston-Sconiers* established that a trial court *must* consider mitigating qualities of youth, even when imposing a standard range sentence. *See In re Pers. Restraint of Ali*, 196 Wn.2d 220, 234-35, 474 P.3d 507 (2020), *cert. denied,* 141 S. Ct. 1754 (2021).

The court's holding in *Houston-Sconiers* that consideration of the mitigating qualities of youth is mandatory was expressly limited to the sentencing of juveniles in adult court. 188 Wn.2d at 34. But Nevarez was not a juvenile when he committed his crime – he was 18 years old. Therefore, the question here is whether the mandatory consideration of mitigating qualities of youth applies to the sentencing of an 18-year-old offender.

In *State v. Bassett*, the Supreme Court held that sentencing juvenile offenders to life without parole or release (LWOP) constitutes cruel punishment in violation of article I, section 14 of the Washington Constitution. 192 Wn.2d 67, 91, 428 P.3d 343 (2018). As in *Houston-Sconiers*, the court's holding was expressly limited to the sentencing of juveniles. *Id.* at 73, 91.

No. 54259-5-II

Subsequently, in a split decision[4] the Supreme Court in *In re Personal Restraint of Monschke* held that the mandatory imposition of LWOP sentences also was unconstitutional for offenders who were 18 to 20 years old. 197 Wn. 2d 305, 326, 329, 482 P.3d 276 (2021). The lead opinion noted the holdings of *Bassett* and *Houston-Sconiers* regarding juvenile offenders. *Id.* at 311. The lead opinion then agreed with the petitioners' argument that "the protection against mandatory LWOP for juveniles should extend to them because they were essentially juveniles in all but name at the time of their crimes." *Id.* at 312.

The lead opinion emphasized that neuroscience does not support a distinction between 17- and 18-year-olds. *Id.* at 312-13. The lead opinion stated, "The petitioners have shown that many youthful defendants older than 18 share the same developing brains and impulsive behavioral attributes as those under 18. Thus, we hold that *these 19- and 20-year-old petitioners must qualify for some of the same constitutional protections as well*." *Id.* at 313 (emphasis added). Later, the lead opinion noted that the same factors that supported extension of constitutional protection to juveniles – "juveniles' lack of maturity and responsibility, their vulnerability to negative influences, and their transitory and developing character" – "weigh[ed] in favor of offering similar constitutional protections to older offenders, also, because neurological science recognizes no meaningful distinction between 17- and 18-year-olds as a class." *Id.* at 321.

---

[4] In his concurring opinion, Chief Justice González agreed with the lead opinion that "the petitioners are entitled to a new sentencing hearing to determine whether their ages at the time of their crimes are a mitigating factor justifying a downward departure from the standard sentence." *Monschke*, 197 Wn.2d at 329 (González, C.J. concurring). He disagreed only with the lead opinion's conclusion that RCW 10.73.100(2) allowed the petitioners to pursue their otherwise untimely PRPs.

No. 54259-5-II

The lead opinion concluded that because "no meaningful neurological bright line exists between age 17 and age 18[,] . . . sentencing courts must have discretion to take the mitigating qualities of youth – those qualities emphasized in . . . *Houston-Sconiers* – into account for defendants younger and older than 18." *Id.* at 326.

Regarding whether a personal restraint petition is timely, *Monschke* is not material for petitioners subject to LWOP sentences. *In re Pers. Restraint of Davis*, 200 Wn.2d 75, 83-84, 514 P.3d 653 (2022); *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 24-25, 513 P.3d 769 (2022). However, our case involves a direct appeal, not a PRP, so timeliness is not at issue. And the reasoning of the lead opinion in *Monschke* clearly supports extending the holding in *Houston-Sconiers* to the sentencing of an 18-year-old.

The foundation of the holding in *Monschke* was the lead opinion's conclusion that there is no meaningful distinction between 17-year-olds and 18-year-olds regarding brain development. 197 Wn.2d at 313, 321, 326. Based on this conclusion, the lead opinion emphasized that 19- and 20-year-olds are entitled to the same constitutional protections as juveniles. *Id.* And the lead opinion expressly referenced *Houston-Sconiers* when discussing those constitutional protections and stating that trial courts must be allowed to consider the mitigating qualities of youth for offenders older than 18. *Id.* at 311, 326. *Monschke* compels the conclusion that if a trial court is required to consider the mitigating qualities of youth when sentencing a 17-year-old offender, a trial court must be required to consider the offender's youth when sentencing an 18-year-old.

Conversely, requiring a trial court to consider the mitigating qualities of youth for a juvenile offender but not for an 18-year-old offender would create a bright line distinction

No. 54259-5-II

between 17- and 18-year-olds regarding sentencing. Allowing that distinction would be inconsistent with the lead opinion's insistence in *Monschke* that "no meaningful neurological bright line exists between age 17 and age 18." *Id.* at 326.

I conclude that under *Houston-Sconiers* and *Monschke*, a trial court must consider the mitigating qualities of youth when sentencing an 18-year-old offender. And here, the trial court failed to meaningfully consider the mitigating qualities of Nevarez's youth as outlined in *Houston-Sconiers*. Therefore, I would reverse and remand for resentencing.

MAXA, J.